1

2

3

4

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

5

6   BOARD OF TRUSTEES OF THE MASONRY
    SECURITY PLAN OF WASHINGTON, et al.,

7              Plaintiffs,                          No. C06-1064P

8        v.                                         ORDER OF DISMISSAL WITHOUT
                                                    PREJUDICE
9   ACCENT MASONRY, LLC, et al.,

10             Defendants.

11

12

13        By order dated November 29, 2006, the Court directed Plaintiffs to show cause why their

14   claims against Defendant Accent Masonry, LLC ("Accent") should not be dismissed without prejudice

15   for failure to effect service within 120 days after the filing of the complaint. (Dkt. No 15). Having

     reviewed Plaintiffs' response to this order, the Court finds that Plaintiffs have not shown good cause
16
     for failing to effect service on Accent within 120 days of filing their complaint. The Court declines to
17
     exercise its discretion to extend the time limitations for effecting service and declines to exercise
18
     supplemental jurisdiction over the state-law claims against the remaining Defendants. Therefore, the
19
     Court DISMISSES this action without prejudice. Plaintiffs' claims against Accent are dismissed
20
     without prejudice pursuant to Fed. R. Civ. P. 4(m) and Plaintiffs' state-law claims against the
21
     remaining Defendants are dismissed without prejudice pursuant to 28 U.S.C. § 1367(c)(3). In light of
22
     these rulings, the motion to dismiss filed by Defendants Bayley Construction Company ("Bayley") and
23
     Safeco Insurance Company of America ("Safeco") is moot. (Dkt. No. 8). The reasons for the Court's
24
     order are set forth below.
25

ORDER - 1

**Background**

The Court described the background of this case in its order to show cause dated November 29, 2006.  To summarize briefly, Plaintiffs are joint labor-management trust funds.  Plaintiffs filed their complaint on July 27, 2006.  Plaintiffs seek to recover unpaid employee benefit contributions from Defendant Accent Masonry under the federal Employee Retirement Income Security Act (ERISA).  Accent was a subcontractor that performed work on a construction project for a middle school in Federal Way, Washington.  Plaintiffs also brought state-law claims under RCW 39.08 and 60.28 against Bayley Construction and Safeco Insurance, as well as Federal Way School District No. 210.  Bayley was the general contractor for the middle school project, while Safeco issued a performance bond to Bayley.

Bayley and Safeco filed a motion to dismiss in which they argued that the Court should decline to exercise supplemental jurisdiction over the state-law claims against them.  (Dkt. No. 8). After reviewing the motion, the Court issued an order to show cause to Plaintiffs.  The order to show cause noted that Plaintiffs had failed to serve Accent Masonry within 120 days of filing the complaint, as required by Rule 4(m).  Therefore, the Court ordered Plaintiffs to show cause why their claims against Accent should not be dismissed without prejudice for failure to effect service within 120 days of filing their complaint.  The order also indicated that if Plaintiffs did not show good cause for failing to serve Accent in a timely manner, the Court would dismiss claims against Accent and would decline to exercise supplemental jurisdiction over the remaining state-law claims.  The Court reserved ruling on the motion to dismiss filed by Bayley and Safeco, pending review of Plaintiffs' response to the show cause order.

In their response to the order to show cause, Plaintiffs state that they effected service on Accent through the Washington Secretary of State's office on November 30, 2006, six days after the 120-day service period expired.  Plaintiffs argue that they had good cause for the delay because Accent allegedly frustrated their attempts to effect service.

**Analysis**

Fed. R. Civ. P. 4(m) provides:

If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Under this rule, the Court must extend the 120-day service period upon a showing of good cause for failure to effect service in a timely manner. See In re Sheehan, 253 F.3d 507, 512 (9th Cir. 2001). "[I]f there is no good cause, the court has the discretion to dismiss without prejudice or to extend the time period." Id.

The Ninth Circuit has held that at a minimum, good cause means excusable neglect. Id. Under Ninth Circuit law, a plaintiff may be "required to show the following: (a) the party to be served personally received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) the plaintiff would be severely prejudiced if the court dismissed her complaint." Boudette v. Barnette, 923 F.2d 754, 756 (9th Cir. 1990).

Under this standard, the Court finds that Plaintiffs have not shown good cause for failing to serve Accent in a timely manner. Plaintiffs have not shown that Accent received actual notice of the lawsuit. In addition, Plaintiffs' argument that Accent "frustrated" service of process is not persuasive. During the 120-day period after filing their complaint, the only apparent attempt that Plaintiffs made to serve Accent was to send a process server to a property in Oregon owned by Terry Henrikson, the alleged owner of Accent. The process server indicated that "Given Gates are locked up unable to even get property." (Dkt. No. 18, Ex. A). The fact that the process server encountered a locked gate at Mr. Henrikson's property does not suggest that Mr. Henrikson sought to "frustrate" service in this case. Plaintiffs have offered no evidence that they made any additional efforts to serve Accent within the 120-day period. Instead, Plaintiffs waited until after the 120-day period had expired and after the

ORDER - 3

1    Court issued its order to show cause before attempting to effect service on Accent through the

2    Secretary of State's office.  Plaintiffs fail to explain why they did not take such action earlier.

3            Plaintiffs also assert that in another lawsuit prosecuted by Plaintiffs' counsel, they were unable

4    to serve an order on Mr. Henrikson at his property in Oregon in November 2005 because it appeared

5    he had "left for the winter." (Dkt. No. 19 at 2).  However, this prior difficulty in locating Mr.

6    Henrikson does not suggest that he has attempted to frustrate service of process in this case.

7            Plaintiffs appear to suggest that they would be prejudiced if their claims against Accent are

8    dismissed because it would affect their ability to bring claims in state court under RCW 60.28.030, a

9    state statute for foreclosing on public works liens.  Plaintiffs assert:

10           RCW 60.28.030 requires a lien foreclosure action to be commenced within four months after
             the filing of the most recent lien notice, which was on April 12, 2006.  Because almost eight
11           months have now passed since the April 12, 2006 notice, dismissal of the Trusts' claims
             against Accent would prevent the Trusts from pursuing those claims in state court – an
12           undeniably harsh result.

13   (Dkt. No. 17 at 4).  However, even if dismissal of Plaintiffs' claims against Accent would prevent

14   Plaintiffs from pursuing a lien foreclosure claim under RCW 60.28.030, Plaintiffs do not maintain that

15   they would be precluded from pursuing their claims under ERISA.  In any case, it is questionable that

16   Plaintiffs have a right to pursue their claims under RCW 60.28 in state court.  The Washington

17   Supreme Court has held that lien foreclosure actions under Washington's public works lien statutes

18   (RCW 39.08 and RCW 60.28) are preempted by ERISA in cases where a plaintiff sues to foreclose on

19   a lien against a general contractor's bond for unpaid benefit plan contributions owed to employees by

20   a subcontractor.  See Int'l Bhd. of Elec. Workers v. Trig Elec. Constr. Co., 142 Wn.2d 431 (2000).

21           As Plaintiffs note, the Court has discretion to extend the 120-day service deadline even in the

22   absence of good cause. See In re Sheehan, 253 F.3d at 513.  The Court declines to exercise its

23   discretion in this case, particularly in light of Plaintiffs' lack of diligence in attempting to serve Accent

24   in a timely manner.

25

ORDER - 4

1    In the show cause order, the Court indicated that "[u]nless Plaintiffs show good cause for

2  failing to serve Accent in a timely manner, the Court will dismiss all claims against Accent without

3  prejudice and will decline to exercise supplemental jurisdiction over any remaining state-law claims."

4  (Dkt. No. 15 at 3).  Because Plaintiffs have not shown good cause for failing to effect service on

5  Accent in a timely manner, the Court declines to exercise supplemental jurisdiction over Plaintiff's

6  state-law claims against the remaining defendants.  See 28 U.S.C. § 1367(c)(3); see also Carnegie-

7  Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988) (noting that "in the usual case in which all

8  federal-law claims are eliminated before trial, the balance of the factors . . . will point toward declining

9  to exercise jurisdiction over the remaining state-law claims.").  The relevant factors in determining

10  whether to exercise supplemental jurisdiction after all federal claims have been dismissed are judicial

11  economy, comity, convenience, and fairness.  Bryant v. Adventist Health System/West, 289 F.3d

12  1162, 1169 (9th Cir. 2002).  Here, judicial economy would not be served by retaining supplemental

13  jurisdiction, given that the Court has not expended significant resources in this case.  Comity interests

14  would also be served by declining supplemental jurisdiction over the remaining state-law claims.  In

15  addition, the Court does not find that the interests of convenience or fairness would be advanced by

16  retaining supplemental jurisdiction.

17                                              **Conclusion**

18    For the reasons stated above, the Court DISMISSES this action without prejudice.  Plaintiffs'

19  claims against Defendant Accent Masonry, LLC are dismissed without prejudice under Fed. R. Civ. P.

20  4(m) for failure to effect service of the summons and complaint in a timely manner.  Because the only

21  federal claims in this case have been brought against Accent, the Court declines to retain supplemental

22  jurisdiction over the state-law claims against the remaining Defendants and dismisses such claims

23  without prejudice.  In light of this ruling, the motion to dismiss filed by Defendants Bayley and Safeco

24  (Dkt. No. 8) is moot.

25

ORDER - 5

1    The clerk is directed to send copies of this order to all counsel of record.

2    Dated: February 14, 2007

3

4                                                    s/Marsha J. Pechman
                                                     Marsha J. Pechman
5                                                    United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

ORDER - 6